# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

Marlon Billups _____ )
)
_____ )
Plaintiff )
)
vs. )
)
Susan Prentice _____ )
Ryan Bottle _____ )
Dieb _____ )
J. Michelin _____ )
Jenny Whicker _____ )
Jim Doe _____ )
Todd Nelson _____ )
K. Davidson _____ )
)
Defendant(s) )

Case No. _____
*(The case number will be assigned by the clerk)*

SCANNED at PCC and E-Mailed
7/11/18 (date) by VK (initials)
80 (# of pages)

*(List the full name of ALL plaintiffs and defendants in the caption above.  If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known.  This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).  However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims.  Many prisoners' legal claims arise from other federal laws.  Your particular claim may be based on different or additional sources of federal law.  You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (<u>state</u>, county or <u>municipal defendants</u>)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I.  FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint.  Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint.  This is not the form to file a habeas corpus petition.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Marion Billops
                Plaintiff

                vs                          )    Case No. _____

Donna Jones                                 )
S. Simpson                                  )
Reginald Brewer                             )
Salinas, Aberardo                           )
                        Defendants          )

Laura Williamson

~~Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or~~ other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Marlon L. Billops

Prison Identification Number: K-04496

Current address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Susan Prentice (Beinge sued in individual capacity)

Current Job Title: Major

Current Work Address 700 W. Lincon Street, P.U. Box 99,

Pontiac, Il 61764

Defendant #2:

Full Name: Ryan Bottle (Being sued in individual capcity)

Current Job Title: Correction Officer

Current Work Address 700 W. Lincon Street, P.O. Box 99,

Pontiac, Il 61764

Defendant #3:

Full Name: Dyer ? (Being sued in individual capcity)

Current Job Title: Sergent

2

Current Work Address 700 W. Lincon Street, P.O. Box 99,
Pontiac, Il 61764

Defendant #4:

Full Name: J. Michelin (Being Sued ind individual Capcrity

Current Job Title: Correctional Officer Internal Affairs

Current Work Address 700 W Lincon Street, P.U. Box 99
Pontiac, Il 61764

Defendant #5:

Full Name: Jermey Whicker (Being Sued in individual Capcrity)

Current Job Title: Correction Officer

Current Work Address 700 W. Lincon Street, P.O. Box 99
Pontiac, Il 61764

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?        Yes ☑        No ☐

If yes, please describe The lost of my property after the incdden occured

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☑        No ☐

C. If your answer to B is yes, how many? ___1___ Describe the lawsuit(s) below.

3

B. Defendats

Defendant #6

Full Name: John Doe (Being sued in individual capacity)

Current Job Title: Correctional Officer

Current Work Address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

Defendant #7

Full Name: Todd Nelson (Sued in individual capacity)

Current Job Title: Mental Health Profesional

Current Work Address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

Defendant #8

Full Name: Y. Davidson (Sued in individual capacity)

Current Job Title: Nuietent for Internal Affairs

Current Work Address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

Defendant #9

Full Name: Donna Jones (Sued in individual capacity)

Current Job Title: Correctional Counselor

Current Work Address: 700 W. Lincon Street, P.O. Box, Pontiac, Il 61764

Defendant #10

Full Name S. Simpson (Sued in individual capacity)

Current Job title: Pontiac's Grievance Officer

Current Work Address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

Defendant #11

Full Name: Reginald Brewer (Sued in both official individual capacity)

Current Job Title: Nuietant

Current Work Address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

Defendant #12

Full Name: Salinas Aberardo (Sued in both official & individual capacity)

Current Job Title: Correctional Officer

Current Work Address: 700 W. Lincon, P.O. Box 99, Pontiac, Il 61764

Defendant #13

Full Name: L. Williamson, Laura (Sued in individual capacity)

Current Job title: Registered Nurse

Current Work Address: 700 W. Lincon Street, P.O. Box 99, Pontiac, Il 61764

1. Name of Case, Court and Docket Number *Plantiff* MARION Billups Vs. SUSAN PRENTICE et. al; 17-CV-1348

2. Basic claim made EXCESSIVE FORCE, Deliberate Indifference

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) PENDING

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☐   No ☑

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?   Yes ☑   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence Pontiac Corr. Center Easthouse 5 gallery; NorthHouse Holding Area; NorthHouse Cell 101 NorthHouse Front Door; NorthHouse 102; NorthHouse Adjustment Committee Room; East Complex; Health Care Unit

4

Date(s) of the occurrence 8-4-16, 8-8-16, 8-16-16, 8-17-16, 9-5-16

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

<u>Factual Statement</u>

1) On 8-4-16, Plantiff was taken to Easthouse Population. 2) Once the escorting officer left, C/o Copland told plantiff that plantiff is not on hunger strike. 3) Plantiff told Copland that he has been on Hunger Strike since 8-3-16. 4) C/o Bottle took Plantiff on fine gallery. the cell that plantiff was to be assigned to had another inmate in it. Plantiff told C/o Bottle that he cant have a cellmate who's not on hunger strike. C/o Bottle told Plantiff to go in the cell or I'll bolt your ass up and put you in there. 4) Plantiff held his hands up palms out and told C/o Bottle, you dont have to do that just let me speak to your supervisor. 5) C/o Bottle swung punching plantiff in the right ear/jaw, in he same motion placed plantiff in the choke hold. 6) Plantiff got out of the choke hold and without know hit C/o Bottle. 7) Plantiff began walking down the gallery, As Plantiff walked he seen other officers opening 5 gallery cell to come on. 8) Plantiff put his hands up Palms out. Someone yelled get down. 9) Plantiff dropped to his knees palms up. 10) Sgt Dyer came running spraying Plantiff with mace. 11) Plantiff was place in cuffs and shackles and on his way to the Northhouse he was threaten by security with physical harm. 12) Plantiff was cuffed to a bench inside of the Northhouse Bull Pen. 13) Officers were threaten Plantiff so they took all his clothes except for Boxers. Plantiff urned to C/o Michelin from Internal Affiars (I.A) And asked was he going to let the officers carry out there threats. 14) C/o Michelin told plantiff you're going to walk down (gallery) like a Gay porn star. 15) Plantiff prayed to speak to G.M.P. Brady (Mental Health) but C/o Ellis told her that she couldn't talk to me. 16) Lt. Davidson Read plantiff his rights. plantiff wouldn't give a statement. 17) Lt. Davidson said I have a feeling you're going to want to talk to me later. 18) Plantiff told Lt. Davidson I'm on a hunger strike, just review the cameras. 19) C/o Whicker, and John Doe and Major Prentice took plantiff to cell 101. Plantiff was thrown to the floor (while in cuffs and shackles) C/o Whicker slammed plantiff's face and head against the ground while John doe punched Plantiff's body. PLANTIFF JAW HURT, FACE WAS SWOLLEN 20) Plantiff was denied medical Treatment. 21) Between 8-4-16 and 8-7-16, plantiff was given a carbon copy of a investigation ticket. 22) In effort to get medical treatment plantiff was extracted. On 8-8-16, 23) Plantiff told Nurse Howard (laura) that his jaw is broken, the nurse didn't treat me. 24) Plantiff heard one extraction team member tell another that 102 is open. And he said perfect. 25) After being extracted plantiff was placed in 102 on suicide watch. 26) Cell 102 smelled and had

B.7

(60) ON 9-5-16, plantiff filed a emergency grievance for staff conduct; Medical Treatment; Retaliation/Corperal punishment. (61) On 9-28-16, the warden Michale Melvin denied the grievance as not emergency (see Exhibit C C1; C2) (62) Plantiff fuwarded the grievence to the grievance officer. (63) On 9-30-16, grievance officer S.Simpson send plantiff a memorandum saying that the grievance is being fuward to I.A. (see C.3)

(64) On 8-31-16, plantiff wrote a grievance for Staff Conduct; Medical Treatment; Assault & Battery; Corpol punishment. (65) On 10-12-16, counselor respond saying "Issue previously addressed according to grievance officer See Exhibit D, (D.2) (66) On 10-11-16, plantiff wrote the A.R.B and exsplaned that he's sending a copy of exhibit D.1, D.2 to the A.R.B as well as counselor because the facility have not been addressing his issue See exhibit D.3) (67) On 10-14-16, plantiff, wrote another letter to the A.R.B, informing them that counselor had respond, and that plantiff is submitting counselor's respond to the A.R.B (See Exhibit D.4) (68) On 10-25-16, plantiff wrote the A.R.B again, exsploing all the steps that plantiff is taking in effort to get his grievan addressed (See D.5) (69) Grievant & response from grievance officer, but the grievance officer wouldn't respond. (70) On 11-8-16, plantiff wrote the governes exsplaing what is going on with him. (71) On 11-10-16, the warden send plantiff a memorandum fotsly responding to the letter to the governer. (See E.1) (72) On 2.13.17, plantiff wrote the records office asking for copy of grievances and memorandum saying grievance was fuward to I.A (See Exhibit F.1) (73) On 3-1-17, the record office respond saying there isn't a on record (See Exhibit F.2) (74) On 3-15-17 plantiff wrote the A.R.B. Appealing grievance written on 8-4-16, 8-17-16, (See Exhibits F.3, F.4, F.5) (75) Plantiff enclosed exhibit C.1, C.2, C.3; D.1, D.2, F, F.2, D6, 7 (76) On 4-11-17 the A.R.B. Respond to grievance and denieing it (See Exhibit G.1) (77) On 5.10.17, the A.R.B respond dening, grievance (See Exhibit G.2) (78) On 9-5-16, plantiff filed a grievance for Staff Conduct; Medical Treatment, A.D.A, HIPPA (See Exhibit J.1) (79) On 6.6.17, After receiving no response to the grievance wrote the A.R.B exsploing, the steps plantiff taken to resolve the grievance (See Exhibit J.2) (80) On 7-17-17 he A.R.B denied the appeal. (See Exhibit J.3). (81) Plantiff is attaching affidavit from Brandale Blackburn, attached as (Exhibit C.4) this affidavit will support the events that occured in cell 101 on 8-4-16. (82) On 10-26-17, plantiff was called to the East complext and was interview by Jeremy, Olsen of I.A about the incedent that plantiff was subjed to excessive force in cell North 101 on 8-4-16. Plantiff let Olsen know I was subj as describe in Exhibit (C.1, C.2) (83) Olsen showed plantiff a pitcher of John Doe on a computer of which plantiff I.D. (84) Plantiff asked about the other grievance for excessive force which occured 7-17-16. (85) Olsen claim not to know anything about it. (86) In march 2018, plantiff received discovery of another lawsuite, In this discovery was a memorandum from Jermey Olsen to the Adjustmant committee, Informing the committee that on 6-8-4-16 plantiff was issued a investigation ticket And that on 9-4-16, he recomend the end of Seg. Status. (See Attached Exhibit H.1) (87) Plantiff Attach Evaluation of Suicide Potential; Attached as (Exhibit L.1, L.d, L.3, L.4) (88) Exhibit L.1, will show that plantiff was put on suicide watch 8-8-16 (89) (Exhibit L.4) will show the complaint's against security for

Retaliation, That Plaintiff was denied whatever food and Medical treatment. [87] Exhibit L3 will show the property Plaintiff was approximated to have. in 8-8-16, [88] Plaintiffs (Exhibit L5) is Mental Health Progress Note, Dated 8-15-16 which will show that Plaintiff complained of feces on cell 102, and that security is going to try and kill him. [89] Mental Health Progress Notes on 8-17-16, by Todd Nelson is Attached As (Exhibit L6) Mental Health treatment Progress Note on 8-9-16, by Todd Nelson (Attached As (Exhibit L7) will show that plaintiff is Seriously mentally Ill or S.M.I. [90] Offenders Outpatient Progress Attached As (Exhibit M.1) will show the treatment that he was given after being assaulted by security in 102. [91] Plaintiff's Outpatient Attached As (Exhibit M.2) shows that stiches were removed and plaintiffs Right rib moved. [92] Plaintiff's progress notes 9-25 listed as (Exhibit M.3) will show ongoing complain of broken rib. [93] Plaintiff's progress notes 11-17-17, show that plaintiff sought additional treatment for Right 2lbo. Attached As (Exhibit M.4) Attached on (Exhibit N.1) is a incident Report written by J. Michelin which will show he was present and participated with remove Plaintiff's clothing. EXCESSIVE USE OF FORCE [94] On 8-4-16, %Battle voilated plaintiffs 8th Amendment Right by useing excessive Use of Force by punching plaintiff in the Right jaw/ear and choking plaintiff when no Force was needed. %Battle conduct also is a Voilation of State (Illinois Law) Assault 720 ILCS 5/12-1 and Battery 720 ILCS 5/12-3. [95] On 8-4-16, Sgt. Dyer voilate plaintiffs 8th Admendment to be Free from cruel and unusual punishment. When useing Chimical Agent on plaintiff when non was needed. [96] [JOINT] [9b] On 8-4-16, %Whicher voilated plaintiff's 8th Admendment Right by useing excessive Force against plaintiff when while in handcuff's/shackles plaintiff was thrown to the cell floor (N-101) %Whicher slamed plaintiff's face and head against the cell 4 X. in Retaliation for %Battle. [97] John Doe On 8-4-16 voilated 8th Admendment Right by useing excessive Force unlawfully, 4 punching plaintiff while plaintiff was on the cell floor in handcuff and shackles. John Doe punched plaintiff 25 time or more in Retaliation for %Battle. John Doe committed a act of Assault 720 ILCS 5/12-1 and Battery 720 ILCS 5/12-3, of Illinois Law. [98] On 8-17-16, %Whicher participated in punching and kicting plaintiff in cell (N102) Violating plaintiff's 8th Admendment and state Illinois law for Assault 720 ILCS 5/12-1 and Battery 5/12-3 where he split plaintiff lip and bike his rib. [9] On 8-17-16, Lt. Tangman praticipated useing Excessive Force against plaintiff who was uncombative. Lt. Tangman kneed plaintiff in the face at lease 5 times. [99] in Retaliation for %Battle in voilating Plaintiff's 8th Admendment Right. [Jointly] DELIBERATE INDIFFRENCE [100] On 8-4-16, Major Prentice was deliberate indiffrence. where As a Ranking officer supervised a unlawful beating of plaintiff by %Whicher and %John Doe, while plaintiff was in handcuff's and shackles in cell N101. Prientice did't say or do anything to stop the beating in Retaliation for %Battle. [101] On 8-4-16 %Michelin was deliberate indiffrence where he stood by listening to officers threaten to use physical force and when plaintiff turned to %Michelin (E.M.) for help %Michelin said "your doing me golfing like a gay pro-star". After every strip Plaintiff was took down (gnarly) in your breez and physically assaulted in (N101) On 8-4-16, Lt. David Doe was delibrate indiffrence when she knew that officers would assault plaintiff in ......

100) Plantiff assert's that counselor D. Jones denied plantiff of his 1st and 14th Amendment's right when she did not address plantiff grievance with a response of understanding (40) [Deliberate Indifference to Medical Needs] 110) That Nurse Laura was neglected to provided to provided medical treatment to plantiff on 8-8-16 After plantiff told her his jaw is broken. ※Attached as (Exhibt 01,02,03) is a certified letter that plantiff wrote to I.N. 11-28-16 about his grievance's disappearces and the excessive force used on him on 8-4-16 8-17-16 112) Attached as (exhibts P.1, P.2) is a letter to I.N 3-18-18 about corperal punishment same happened 8-4-16 and 8-17-16

---

### RELIEF REQUESTED

(State what relief you want from the court.)

Wherefor plantiff respectfully request's that this honorable court grant the following: ※ Issue A declaratory judgement stating that: 1) The physical abuse to plantiff by defendant's Bottle, Dyer, Whicker, John Doe, Tangman

## Relief Request

Lt. Davidson stated "I got a feeling that youre going to want to talk to me later." Moments later plaintiff was taken to 101 and assaulted.[102] On 8-8-16, Major Prentice was deliberate indifference when Plaintiff was to moved into cell 102 which had feeces all over the cell walls, cell door and door window. In # further retaliation. Plaintiff was placed in cell 102 on 8-8-16 through to about 9-3-16. without any means to clean the cell, as plaintiff was on sucide watch.[103] On 8-17-16, Prentice was deliberate indifference when Major Prentice stood out-side of cell 102 why other officer's entered and assaulted Plantiff. Plantiff was on hunger strike. This was in retaliation.[104] Todd Nelson was deliberate indiffrance on 8-17-16, when he did not give plantiff, (who was on hungar strike) mental health treatment after inorder to aid security to cover up the beating on plantiff on 8-17-16, in retaliation. [Denial of Due Process][105] On 9-5-16, Plantiff was denied his 14th Admendment when he was called to the Adjustment Committee to hear 5 tickets leither of which plantiff was served or given notice of. Plantiff protest, asked that the easthouse camaras reviewed, call witness, At the closing of the hearing the Committee chairman Brewer, pointed at plantiff and said "You've fucked around and hit the wrong person and were going to kill you! Get out." Brewer threaten plantiff's life in retaliation. Plantiff[106] got the adjustment committee finnal summary who recorded a small portion of plantiff's statemet falsely reported that plantiff didint make request for witness, or vided. Plantiff was given indeterminnate seg. A year time revoked, 6 month seg. 1 year C-grade.[107] Plantiff asserts that the grievance officer S. Simpson volinted plantiff's 1st and 14th Admendment right when plantiff seard grievance (see attached exhibit X) denied plantiff's grievance in it's entirity because plantiff was not given notice of the proceedings (see exhibit B.1) Grievance argree that the grievance should be dismissed, that the time from to serve or hear the ticket is died had tolled. Plantiff is seriously mentally ill, and a member from mental health wos supose to be on the hearing although there were a member from mental health wos in the room, they did not participate in the proceedings.[108] That the grievance officer denied plantiff's 1st and 14th Amendment where they lowered grievance, and grievance addess officer memo to (I.A.) see C.1, C.2, C.3)

violated the plaintiff's Rights under the Eighth amendment of U.S Constitution and Constituted an assault and battery under Illinois law. Defendant's Prientice, Davidson and Micheli failure to take action to curb the physical of prisoner violated the plaintiff's Rights under the Eighth amendment of the U.S. Constitution and constitute a assault and Battery under Illinois law. Defendant Prentice Retaliatory conduct of placing plaintiff (while on crisis watch) in a cell covered in smeared of feeces. violated plaintiff's Right of the U.S. Constitution. Defendant's Brener and Salinas action's for concluding plaintiff's disciplinary hearing without serving the ticket's or giving notice that he had ticket's reviewing this the vido camra, calling wittness in the cell numbered, not having Mental health participated in the disciplinary proceeding. As plaintiff is seriously mentally ill(S.M.I) violated plaintiff's Right under the 14th amendment provided by the U.S. Constitution. Defendant Nurse, Laura and Todd Nelson Voiinted plaintiff's 8th amendment Rights of he U.S. Constitution by not providing plaintiff with the mental health or medical Treatment. Defendant's S. Simpson and D. Jones failed plaintiff's 1st and 14th admenement Rights of freedom of expression and due process of law provided by the U.S. constitution. B. Issue an injunction ording defendant's Brener, Salinas to: 1)

JURY DEMAND        Yes ☐        No ☐

Signed this _____ day of _____, 20_____.

_____

( Signature of Plaintiff)

| Name of Plaintiff: Marion Billops | Inmate Identification Number: K04494 |
|---|---|
| Address: 700 W. Lincon Street<br>P.O. Box 99<br>Pontiac, IL 61764 | Telephone Number: |

8

Release plantiff from disciplinary Segergation and place him in general population. with Restoration of all Rights and privilages.

2) Expunge the disciplinary convictions described in this complaint from the plantiffs instutional Record,

**C.** Award Compenstary Damages in the following amounts: 1) $30,000 jointly and severally against defendants Whicker, John Doe, Tangman, Prentice, Davidson, Michelin and Farrar, for the physical and emotional injuries sustained as the result of the plantiff's beating. 2) $15,000 against defendant Prentice for the emotional injuries of put plantiff in a cell (while on sucide watch) that smelled and had fecese all over the cell walls and cell door. And refused to clean the cell or move plantiff, 3) $5,000 against defendant Nurse Laura emotional injuries for failure to give plantiff Medical treatment

4) $5,000 against Todd Nelso for physical and emotional injuries for not providing plantiff with Mental Health treatment while on sucide watch and after plantiff was beat.

5) $10,000 jointly and severally against defendants Brewer and Salinas for the punishment, including leprivation of liberty amenity and emotional injury Resulting from their denial of due process in connection with the plantiff's disciplinery proceeding 6) $7,500 jointly and severally against D. Jones and S. Simpson or emotional injuries resulting from their denial of due process in connection with plantiff's grievance roceeding. **D.** Award puntive damages in the following amount: 1) $10,000 each against, Whicker John Doe, Tangman, Prentice, Davidson, Michelin, Farrar. 2) $7,500 against Prentice. 3) $2,500 against Nurse Laura 4) $2,500 against Todd Nelson. 5) $5,000 each against Brewer and Salinas 6) $3,500 each against D. Jones and J. Simpson. **E.** Grant such other relief as it may appear plantiff is entiled.

Jury Demand (Yes)

Singed this 3rd day of July 2018

Name of Plantiff: Marlon Billops
I.D. Number K04446

700 W. Lincoln Street
P.O. Box 99
Pontiac, IL 61764

Pursuant to 28 U.S.L. 1746, I verify under the penalty of perjury that the information provided in this complaint is true and correct to the best of my knowledge.

_Marlon Billops_
Signature of Plantiff

Ok91A1
M 27103/2  10|12|16     ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

065404 Copied SHCH PCC LL

| Date: 9.29.16 | Offender: (Please Print) Marlon Billups | ID#: K04496 |
|---|---|---|
| Present Facility: Pontiac Corr. Center | | Facility where grievance issue occurred: Pontiac Corr. Center |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [x] Other (specify) Cruel Punishment Violation of my 14th Amendment

- [x] Disciplinary Report: 8 / 4 / 16    Pontiac Corr. Center
      Date of Report          Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): Facts: That on 8-4-16 grievant was released from seg. and taken to the East cellhouse. Upon entering Easthouse grievant encountered to %Creplin and %Bottles, at the Northhouse pantry. % he has been on since 8-2-16. %Bottles and I need up in 5 gallery. %Bottles and I was infront of grievant assigned cell 516 when grievant continued to stress his protest. %Bottles therafter grievant until he punched grievant in the jaw/ear. Bottles put me in a choke hold after punching me again. I wasn't able to breath but soon here he the same Reason he Released grievant and when he did I may has struck him. I was walking to the front of 5 gallery when I saw a bunch of % gun onto 5 gallery I lift my palms so they could see that I'm not combative they ran upon me and administered chimecal Agent anyway — Grievant was taken to Northhouse seg. area where I was Mirandized. I chose not to give a statement off the record however I let it know I've been on non-violent protest and to Review the camera in the East house 5 gallery on 8-4-16. On 8-7-16 I was given a custody copy of a "investigation Ticket" See the

Relief Requested: That Bottles assault me is Reported to Employee Review Board. That ticket#2016033113 is Expunged grievant Released from Seg/Given Contact Visits, Commissary Privileges, audio/video privileges, Restored Placed back in A grade and late or S/VT Restored.

- [x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Marlon Billups | K-04496 | 9 /29 /16 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: / / | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: IDK

NOV 0 2 2016

| | | / / |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

| Date Received: 10 /3 /16 | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Michael P Miller | | 10/3 |
|---|---|---|
| Chief Administrative Officer's Signature | | |

Distribution: Master File; Offender          Page 1          Printed on Recycled Paper

065404
copied 5110117 PCCLL

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

incident that occurred on 8-4-16. The investigation ticket states in part "if the investigation determine grievant committed he'll be charged with violent Dept. Rules. If it finds that I'm not then I'll be released from Seg-An Gradis without notice, grievant was called to the Adjustment committee. Upon Entering the Room grievant asked "why am I here? I don't have a ticket. The Latino person on the committee said "you have 9 tickets. I protest and told him that I have NEVER been braved a ticket. The committee chairman Read (2) tickets charging grievant with (non Assault of any person). I told the Chairman Barrows that my Due process Rights were violated because I was/are prepared a written statement; ask to call witness and had the camera Reviewed." The Latino guy said "come on man, how long have you been locked up? You couldn't written the committee and told me." I told him "On 8-7-16, I was given an investigation ticket, to my knowledge that's all I know. Y'all have 30 day to write me a ticket while im under investigation; 30 days to ask for 30 more days to keep me under investigation or let me out of Seg. Today make's the 30th day." But if you're saying that I was written a ticket 8-4-16, you're pass the 14th day which makes the ticket moot." On 9-16-16, I received the Adjustment committee Final summary Report finding me guilty on the officers written statement; finding me guilty (of) (non violent Assault of any person; Discipline 1 year C Grade Indeterminate Seg. Revoke GCC or SGT 1 year; 1 year commissary Restriction; 6 months contact visit Restriction). Grievant States first the incident did not occur the way the committee chairman Read it. The only officer on the gallery was Battles. If the officer working the catwalk wrote one of the tickets he may have see up but he didn't write the incident. Nearly the way, it occurred. Secondly grievant should've had the grievance served to grievant it is then the Disciplinary proce starts see say 30 #). I should've gave grievant an opportunity to Request witness; ask that material evidence (camera) be looked into and prepar a defense. The committee is sposa to advise offender of any evidence that is favorable. They couldn't let grievant know of the statements given by inmates who saw it — There was several grievant couldve have in he was written a ticket, not after being issued a investigation ticket. The committee has 14 days to hear the ticket HERE the committee heared the ticket within 33 days pass the statut of limitation. The Committee attribute said delay to "Grievant being on Suicide watch, and the prison going on lock-Down. On 3-28-16, grievant caught a ticket which he heard while on Watch. Lastly grievant is S.M.I. According to Directive someon from the Mental Health Dept. should have attend my hearing, give their Findings and Recommandations if my illness played apart. Although a person from mental health was in there Ms. Allcorn maybe her. Name, (5'9, About 140, white Female, dark hair with glasses) she wasn't active Nure did her Name appear on the Final Summery Report. Grievant has went beyond the bounds of Establishing or Asserting that his Due Process proceedure safe gaurds were violated.

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Facility: _____

Date: 8-4-16

**Type of Report:**  ☑ Disciplinary  ☐ Investigative

Offender Name: B-llops                    ID #: K04446

Observation Date: 8-4-16   Approximate Time: 11:50  ☐ a.m. ☐ p.m.   Location: SCH S Galbey Cell Sta

**Offense(s): DR 504:** 100 Violent assault of Any Person

**Observation:** (NOTE: Each offense identified above must be substantiated.) _On the above date and approximate time the S/O was standing on SCH S gallery then and seen So Bottle and I/m Billops walking down to cell 5.1. At that time Ofcer Zeilfas ran his property to cell 5.1 he turned and So Bottle and started throw Punches this S/O ran down gallery and I/m Billops and Ofcer order to stop... and Billops... and continued Punches... the So introduced 1 Burst of OC pepper spray and took I/m Billops to the ground to gain Positive control of situation and I/m Billops was restrained and taken to HCU, I/m 303 by S/O J.D. All Punches were close fisted and making contact with So Bottle face and head_

Witness(es): So Bottle

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |
|---|---|---|---|---|---|
| S/O S... | 2364 | | 8-4-16 | 1:45 | ☐ a.m. ☐ p.m. |

**Disciplinary Action:**

**Shift Review:** ☑ Temporary Confinement  ☐ Investigative Status   Reasons: Nature of offense

Ofc W. Hudson   # 726     _____   8-4-16
Printed Name and Badge #     Shift Supervisor's Signature     Date
(For Transition Centers, Chief Administrative Officer)

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment: _____

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program/Unit

MAJOR WHEAT #742          _____ 8-4-16
Print Reviewing Officer's Name and Badge #     Reviewing Officer's Signature     Date

☑ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

Monroy      1094       _____ 8-6-16
Print Hearing Investigator's Name and Badge #     Hearing Investigator's Signature     Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedure Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

C/O T. Grev         Offender's Signature _____   ID# _____
Serving Employee (Print Name)

8-6-16        Badge # 1199J        S/C        ☐ a.m. ☐ p.m.
Data Served            Time Served

**RECEIVED**

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing   AUG 07 2016

_____        _____        PONTIAC CORRECTIONAL CENTER
Offender's Signature            ID#          ADJUSTMENT COMMITTEE

- - - - - - - - - - - - - - - - - (Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing) - - - - - - - - - - - -

_____        _____        _____
Date of Disciplinary Report    Print offender's name        ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|

Witness can testify to: _____

Exhibit A.3

NCH 101

2703 | 1

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Disciplinary Report**
PONTIAC CC
Facility

Date: 08/05/16

**Type of Report:**
☒ Disciplinary   ☐ Investigative

Offender Name: BILLOPS, MARLON        ID #: K04496

Observation Date: 08/04/16   Approximate Time: 11:50   ☐ a.m. ☐ p.m.   Location: East Cell House Five Gallery

**Offense(s): DR 504:** 100 – VIOLENT ASSAULT OF ANY PERSON

Observation: Based on information received in the Internal Affairs Department, Inmate MARLON BILLOPS (K04496) is being charged with the above offense. It was reported that on 08/04/16 at approximately 11:50am, Correctional Officer RYAN BATTLE was escorting BILLOPS to his cell at the East Cell House on five-gallery. Upon arrival, BILLOPS told BATTLE that he did not want to go into the cell. BATTLE ordered BILLOPS to go into the cell. BILLOPS refused. BATTLE told BILLOPS to cuff up. BATTLE attempted to apply mechanical wrist restraints to BILLOPS' wrist at which time BILLOPS began to strike BATTLE multiple times in the face and head area with closed fists. During the assault, BATTLE attempted to wrap his arms around BILLOPS to prevent further assault. Also during the assault, BATTLE hit his head on the metal cell door. BILLOPS continued to strike BATTLE about the head and face until additional security staff arrived. Oleoresin Capsicum was utilized to prevent further assault on BATTLE. BATTLE sustained multiple injuries to his head and face area, including laceration to the inside of both the upper and lower lips. In addition, BATTLE was taken to St. James Hospital in Pontiac, Illinois for a higher level of medical treatment. BILLOPS was mirandized and elected to not provide a statement pertaining to the assault. BILLOPS sustained no visible injuries. BILLOPS was positively identified by state issued identification badge.

Witness(es): _____
☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

ISI II K. DAVIDSON   493   Signature   08/05/16   3:46 ☐ a.m. ☒ p.m.
Reporting Employee (Print Name)   Badge #   Date   Time

**Disciplinary Action:**

Shift Review: ☒ Temporary Confinement   ☐ Investigative Status   Reasons: NATURE OF OFFENSE
MAJOR WHEAT 742   8-5-16
Printed Name and Badge #   Shift Supervisor's Signature   Date
(For Transition Centers, Chief Administrative Officer)

Reviewing Officer's Decision: ☒ Confinement reviewed by Reviewing Officer   Comment:_____

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Mi French 681   French   8-5-16
Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):
Bryant 1074   8-5-16
Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date

CCO

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☐ Check if offender refused to sign
Offender's Signature   ID#
C/O Greu   1199d   Signature
Serving Employee (Print Name)   Badge #
8-5-16   750   ☐ a.m. ☐ p.m.
Date Served   Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature   ID#

------------------------------------------------
**(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)**

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Distribution: Master File / Offender / Facility (2)   DOC 0317 (Rev. 2/2007)

Billops v. Prentice, et al. (17-1348) IDOC Document No.: 000594

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
| --- |

**Date Received:** November 2, 2016          **Date of Review:** April 25, 2017          **Grievance #** (optional): 065404

**Offender:** Billops, Marlon                                                                 **ID#:** K04496

**Nature of Grievance:** Two (2) IDRs written on 8/04/16 by ISI2 K. Davidson and Sgt. Dyer

**Facts Reviewed:** Offender grieves that on 8/04/16 he was released from segregation and upon entering East House he announced to Officer Cuplin (Copeland) and Battles of the non-violent protest he has been on since 8/02/16. Grievant states he was in front of the assigned cell when Officer Battles allegedly threatened Grievant, punched him in the jaw/ear, and put him in a choke hold. Grievant states he was released from the choke hold and may have struck Officer Battles. Grievant contends he was never served a ticket and it pass the (14) days.

This Grievance Officer reviewed the offender's correspondence, Disciplinary Report form, the Adjustment Committee Final Summary Report form, and all other available information and determined the following;

The Disciplinary Report forms indicate the reports have been completed in compliance with Department Rule 504. The offense line appropriately reflects DR 504 charge, (100) Violent Assault Of Any Person / Staff - Comment: Hit Officer multiple times in face / head with fist. The observation area contains sufficient information to substantiate the charge. The offender was served a copy of the Disciplinary Report and the serving employee's signature is legibly noted on the report with the date and the time of serving the report.

The Adjustment Committee Report form indicates appropriate information. The Adjustment Committee reviewed the Disciplinary Reports and note **Delay in the Hearing Process due to offender on Watch 8/08/16 - 8/22/16 and Level 1 Lockdown on 8/22/16 - 8/31/16. No witnesses were requested.

The Record of Proceedings reflects the offender statement to the Adjustment Committee with regard to his defense of the Disciplinary Reports. The Report Read. Offender pled not guilty, "He told me to go into the cell. He swung on me. I was on non-violent protest". The Adjustment Committee determined the offender guilty of (100) Violent Assault Of Any Person / Staff.

The Basis for Decision indicates two complete rationales recorded by the Adjustment Committee indicating why they found the offender guilty. These rationales being; Based on the observation of the Reporting Employees, Correctional Officer R. Battle was escorting offender Billops to his cell on five gallery in the East Cell House. Billops told Officer Battle he did not want to go into the cell. Billops was ordered to go into the cell and Billops refused. Billops was told to cuff up. While attempting to apply mechanical wrist restraints to Billops wrist, Billops began to strike Officer Battle multiple times in the face and head area with closed fists. Officer Battle attempted to wrap his arms around Billops to prevent further assault. During the assault Officer Battle hit his head on the metal cell door. Billops continued to strike Officer battle about the head and face until additional security staff arrived. Oleoresin Capsicum was utilized to prevent further assault on Officer Battle.

[continued page 2]

**Recommendation:** Based upon a total review of all available information, and a compliance check of the procedural due process safeguards outlined in Department Rule 504, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED.

_____          _____
Print Grievance Officer's Name                  Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

**Date Received:** 42817          ☒ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

_____                              42817
Chief Administrative Officer's Signature                         Date

| Offender's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Marlon Billops_          _K-04496_          _5.9.17_
Offender's Signature          ID#          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE (Continued)

Officer Battle sustained multiple injuries to his head and face area, including laceratios to the inside of both the upper and lower lips. Officer Battle was taken to St. James Hospital in Pontiac Illinois for a higher level of medical treatment.

Billops was mirandized and elected to not provide a statement pertaining to the assault.

Additionally, the positive identification of the Offender by State Identification Card.

The Committee is satisfied the violation occurred as reported.  The documentation reflects appropriate composition of the Committee with a Chairman and at least one member.  One of these individuals is a minority.

The disciplinary sanctions recommended, and approved by the CAO, are in compliance with DR 504A.

Grievance Officer notes the Offender Disciplinary Report records ticket served on 8/05/16.

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| Name: BILLOPS, MARLON | IDOC Number: K04496 | Race: BLK |
|---|---|---|
| Hearing Date/Time: 9/5/2016  02:05 PM | Living Unit: PON-N-01-20 | Orientation Status: N/A |
| Incident Number: 201602703/1 - PON | Status: Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 8/4/2016 | 201602703/1-PON | DAVIDSON, KELLY J | EAST HOUSE | 11:50 AM |
| 8/4/2016 | 201602703/2-PON | DYER, JASON A | EAST HOUSE | 11:50 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 100 | Violent Assault Of Any Person - Staff | Guilty |
| | Comments:hit co mult times in face/head w fists , | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
DELAY IN THE HEARING PROCESS DUE TO OFFENDER ON WATCH 8/8/16 - 8/22/16 AND LEVEL 1 LOCKDOWN ON 8/22/16 - 8/31/16.

*2 TICKETS COMBINED.

REPORTS READ. OFFENDER PLEADS NOT GUILTY. "HE TOLD ME TO GO INTO THE CELL. HE SWUNG ON ME. I WAS ON NON-VIOLENT PROTEST".

## BASIS FOR DECISION
BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEES, CORRECTIONAL OFFICER R. BATTLE WAS ESCORTING OFFENDER BILLOPS TO HIS CELL ON FIVE GALLERY IN THE EAST CELL HOUSE. BILLOPS TOLD OFFICER BATTLE HE DID NOT WANT TO GO INTO THE CELL. BILLOPS WAS ORDERED TO GO INTO THE CELL AND BILLOPS REFUSED. BILLOPS WAS TOLD TO CUFF UP. WHILE ATTEMPTING TO APPLY MECHANICAL WRIST RESTRAINTS TO BILLOPS WRIST, BILLOPS BEGAN TO STRIKE OFFICER BATTLE MULTIPLE TIMES IN THE FACE AND HEAD AREA WITH CLOSED FISTS. OFFICER BATTLE ATTEMPTED TO WRAP HIS ARMS AROUND BILLOPS TO PREVENT FURTHER ASSAULT. DURING THE ASSAULT OFFICER BATTLE HIT HIS HEAD ON THE METAL CELL DOOR. BILLOPS CONTINUED TO STRIKE OFFICER BATTLE ABOUT THE HEAD AND FACE UNTIL ADDITIONAL SECURITY STAFF ARRIVED. OLEORESIN CAPSICUM WAS UTILIZED TO PREVENT FURTHER ASSAULT ON OFFICER BATTLE.

OFFICER BATTLE SUSTAINED MULTIPLE INJURIES TO HIS HEAD AND FACE AREA, INCLUDING LACERATIONS TO THE INSIDE OF BOTH THE UPPER AND LOWER LIPS. OFFICER BATTLE WAS TAKEN TO ST. JAMES HOSPITAL IN PONTIAC, ILLINOIS FOR A HIGHER LEVEL OF MEDICAL TREATMENT.

BILLOPS WAS MIRANDIZED AND ELECTED TO NOT PROVIDE A STATEMENT PERTAINING TO THE ASSAULT.

THE POSITIVE IDENTIFICATION OF THE OFFENDER BY STATE ID;

ATTACHED DC 434 INCIDENT REPORTS SUBSTANTIATING THE INCIDENT;

THE COMMITTEE IS SATISFIED THE VIOLATIONS OCCURRED AS REPORTED.

RECEIVED

SEP 16 2016

Pontiac Correctional Center
Main Office

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Year CGrade | 1 Year CGrade |
| Indeterminate Segregation | Indeterminate Segregation |
| Revoke GCC or SGT 1 Year | Revoke GCC or SGT 1 Year |
| 1 Year Commissary Restriction | 1 Year Commissary Restriction |
| 1 Year Audio/Visual Restriction | 1 Year Audio/Visual Restriction |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| Basis for Discipline:NATURE OF OFFENSE | |

Run Date: 9/9/2016 06:53:59

Billops v. Prentice, et al. (17-1348) IDOC Document No.:  000592

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** BILLOPS, MARLON | **IDOC Number:** K04496 | **Race:** BLK |
| **Hearing Date/Time:** 9/5/2016  02:05 PM | **Living Unit:** PON-N-01-20 | **Orientation Status:** N/A |
| **Incident Number:** 201602703/1 - PON | **Status:** Final | |

## Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| BREWER, REGINALD   - Chair Person | | 09/05/16 | BLK |
| | Signature | Date | Race |
| SALINAS, ABERARDO A | | 09/05/16 | HSP |
| | Signature | Date | Race |

Recommended Action Approved

**Final Comments:** N/A

MICHAEL P MELVIN / MPM  9/8/2016                         09/08/16

Chief Administrative Officer                    Signature              Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504, Subpart F.

Employee Serving Copy to Committed Person                    When Served  - - Date and Time

Billops v. Prentice, et al. (17-1348) IDOC Document No.:  000593

Bruce Rauner
Governor



**RECEIVED**

AUG 2 8 2017

Warden's Office
Pontiac Correctional Center

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

RECEIVED

AUG 2 9 2017

Pontiac Correctional Center
Record Office

Offender Name: _Billops, Marlon_                    Date: _8/10/17_

Register # _K04496_

Facility: _Pontiac_

This is in response to your grievance received on _5/15/17_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _9/29/16_  Grievance Number: _065404_  Griev Loc: _Pontiac_

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary _____
- ○ Personal Property _____
- ○ Mailroom/Publications _____
- ○ Assignment (job, cell) _____

- ○ Commissary _____
- ○ Trust Fund _____
- ○ Conditions (cell conditions, cleaning supplies)
- Ø Disciplinary Report dated _8/4/16_
  Incident # _2016022703711-PON_
- ○ Other _____

Based on a review of all available information, this office has determined your grievance to be:

- ○ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ○ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- Ø Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other:_____

FOR THE BOARD: _Debbie Knauer_        CONCURRED: _John R. Baldwin_
Debbie Knauer                                          John R. Baldwin
Administrative Review Board                            Acting Director

CC:  Warden, _Pontiac_ Correctional Center
     _Billops_, Register No. _K04496_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Exhibit B1

M2X92713  10/12/16

065403
copied submit" Pce EL

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: 9 29 16 | Offender: (Please Print) MARlon Billops | ID#: K 04496 |

Present Facility: Pontiac Corr. Center   Facility where grievance issue occurred: Pontiac Corr. Center

**NATURE OF GRIEVANCE:**

☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
☐ Staff Conduct ☐ Dietary ☐ Medical Treatment ☐ HIPAA
☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☒ Other (specify) Due Process Violation

☒ Disciplinary Report: 8 / 8 / 16   Pontiac Corr. Center
Date of Report     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On 9-12-16 grievant was called to the Adjustment Committee. Once in the Committee I complained because I didn't know why I was in there given the fact that I wasn't served a ticket or given a copy of it. The hearing guy on the committee told me "You have 9 tickets." When going over other issues the Chairman Berd off a ticket and told me the others are duplicate. I admitted to covering up my cell window, however that happened 8-8-16. As a Result the ticket[s] should be thrown out. The Adjustment Committee must have the ticket within 14 days. On 9/16/16 grievant received the Adjustment committee Finnal Summery Report finding grievant guilty based off his own admition but dis Regarded the exstoded time grievant addressed. The committee used the fact that the Prison went on lock down told the grievant was on watch for Reason or hear the ticket so late. — Grievant

Relief Requested: That ticket #37 #2016035937 and Related ticket[s] ARe exsponged; 2) 10 Months Seg. exspanged 3) 6 Months C-Grade expunged

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Marlon Billops   K-04496   9 29 16
Offender's Signature   ID#   Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: / /   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: DR

NOV 0 2 2016

Print Counselor's Name   Counselor's Signature   Date of Response

**EMERGENCY REVIEW**

Date Received: 10 13 16   Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☒ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Michael Melvin   10 13 16
Chief Administrative Officer's Signature   Date

Distribution: Master File; Offender   Page 1   DOC 0046 (8/2012)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**OFFENDER'S GRIEVANCE** (Continued)

copied slight PCCLL

narrate that he was never served a ticket and therefore oblivious that no reaction against him exist. Grievant should have been afforded his Rights to have the ticket read to him so he may list witness, prepare a defense, and have someone thats R.M.P attend the hearing as grievant is S.M.I. In addition the committee has 14 days to hear the ticket, this ticket was heard in about 30 days

Printed on Recycled Paper

**Bruce Rauner**
**Governor**



6 10/03
065403

**John Baldwin**
**Acting Director**

## The Illinois Department of Corrections

Pontiac Correctional Center
700 W. Lincoln Street, P.O. Box 99 • Pontiac, IL 61764 • (815) 842-2816 TDD: (800) 526-0844

# M E M O R A N D U M

**DATE:**  10-05-16

**TO:**  Name: Billops  IDOC #: K 04496

**FROM:**  Grievance Officer S. Simpson
Pontiac Correctional Center

SUBJECT: Grievance(s) dated: 9-29-16 Topic: Ody Comm Issue: DR 2927/3 (8-08-16)

---

The attached is being returned for the reason(s) listed below:

_____  Contact your Correctional Counselor. Per DR 504 Grievances, "A committed person shall first
attempt to resolve incidents, problems or complaints, other than complaints concerning
disciplinary proceedings, through his counselor".

_____  Use proper Committed Person's Grievance (DOC 0046).

_____  Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred.

_____  Forward grievance directly to the Administrative Review Board (protective custody, enforced
medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's
Office, decisions rendered by the Director).

_____  Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be
addressed further. Discovery date of incident, occurrence, or problem: _____.

_____  Unable to determine nature of grievance/correspondence. Submit additional specific
information.

_____  Illegible copy submitted – submit legible copy for consideration.

_____  Request restoration of GCC, segregation time cut, grade restoration to the Adjustment
Committee. If request is denied, utilize the grievance process for further consideration.

NOV 0 2 2016

Page 1 of 2

---

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in
offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Billops v. Prentice, et al. (17-1348) IDOC Document No.:  000529

_____    Issue has been previously addressed on _____. No justification for further consideration.

_____    Contact the Record Office with your request and/or additional information (sentence calculations, jail credits, etc.).

_____    Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.).

___X___    The Chief Administrative Officer has determined your grievance issue a non-emergency.  If you reject this decision, forward your grievance directly to Grievance Office.

_____ Other: _____
_____
_____
_____
_____

Billops v. Prentice, et al. (17-1348) IDOC Document No.: 000530

N-102

**Type of Report:** ☑ Disciplinary ☐ Investigative

DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**
Pont C.C.
Facility

Date: 8-8-16

Offender Name: Billups   ID #: K04496

Observation Date: 8-8-16   Approximate Time: 7051 ☐ a.m. ☐ p.m.   Location: North Seg 101

Offense(s): DR 504: 20- Impairment of Surveillance, 403- Disobeying a direct order, Soliciting/attempt

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and after I the Lt. recognized to N101 as Sgt Bayler was called via radio to arrive at NSeg 101, due to both observation windows being covered and not verbally responding for 79 institutional count. This Lt. arrived at dshSeg 101 and observed the large observation window smeared with feces and the small observation window covered with paper not allowing to see into the cell. This Lt. gave three direct orders to remove the covering and verbally respond for 70s count. I'm ordered all orders to take down the coverings and respond for count. While giving orders to remove the coverings I'm Blackthorn M54199 threw an unknown liquid substance smelling of feces and urine multiple times through the side crack of the door striking this Lt. Major Prentice C/o Edwards, C/o Tutoky in the back of all staff's head, face, arms, legs. I'm was identified as I'm Billups K04496 by North Seg Control Center gallery hunch EOR Extraction team activated. EOR

Witness(es): C/o Edwards, C/o Tutoky, Major Prentice

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |
|---|---|---|---|---|
| Lt. Trueman | 13053 | Lt. A. | 8-8-16 | ☐ a.m. ☐ p.m. |

## Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons: _____

Printed Name and Badge #

Shift Supervisor's Signature
(For Transition Centers, Chief Administrative Officer)   Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment: _____

☑ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Print Reviewing Officer's Name and Badge #   Reviewing Officer's Signature   Date: 8/8/16

☑ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only)

Print Hearing Investigator's Name and Badge #   Hearing Investigator's Signature   Date: 8/9/16

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☑ Check if offender refused to sign

Offender's Signature   ID#

| Serving Employee (Print Name) | Badge # | Signature |
|---|---|---|
| Grey | 11494 | |

Date Served: 8-14-16   Time Served: 6:00 ☐ a.m. ☐ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature   ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

RECEIVED

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)   AUG 2 5 2016

Witness can testify to: _____   ENTER

Print Name of witness   Witness badge or ID#   Assigned Cell (if applicable)   Title (if applicable)

Witness can testify to: _____

Distribution: Master File, Offender   DOC 0317 (Rev. 2/2007)

Billops v. Prentice, et al. (17-1348) IDOC Document No.: 000609

IL. DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**    Date: 8-8-16
Pontiac   CC
Facility

**Type of Report:**
☒ Disciplinary    ☐ Investigative

Offender Name: Billops    ID #: K04496

Observation Date: 8-8-16    Approximate Time: 7.00  7.05  ☒ a.m. ☐ p.m.    Location: NCH

Offense(s): DR 504:  101 assaulting any person 210 Impairment of Surveillance

**Observation:** (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time this R10 was conducting count in NCH on 3 gallery. Once this R10 approached cell 101 this R10 observed cell 101 which houses Jim Billops (K04496) has the observation windows covered with feces and toilet paper. While trying to get cell 101 to uncover his windows and respond to count cell 101 which houses Jim Blackburn (M50199) started throwing feces out of the crack of the cell door striking this R10 and multiple other officers, the LT and the Major. Jim Blackburn identified by State ID & gallery chart. EoR —

**Witness(es):**

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| A. Edwards | 12176 | A. Edwards | 8-8-16 | 7:30 | ☒ a.m. ☐ p.m. |
|---|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |

## Disciplinary Action:

**Shift Review:** ☐ Temporary Confinement    ☐ Investigative Status    Reasons:

Printed Name and Badge #    Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)    Date

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer    Comment:

☒ Major Infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor Infraction, submitted to Program Unit

Major/Alex  735    8/8/16
Print Reviewing Officer's Name and Badge #    Reviewing Officer's Signature    Date

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):
    8/9/16
Print Hearing Investigator's Name and Badge #    Hearing Investigator's Signature    Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee and Program Unit Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign    Offender's Signature    ID#

C/O Grev    1192
Serving Employee (Print Name)    Badge #    Signature

8-24-16    6:00    ☐ a.m. ☒ p.m.
Date Served    Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offender's Signature    ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

Date of Disciplinary Report    Print offender's name    ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

RECEIVED
AUG 2 5 2016
PONTIAC CORRECTIONAL CENTER
ADJUSTMENT COMMITTEE

Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to:

Print Name of witness    Witness badge or ID#    Assigned Cell (if applicable)    Title (if applicable)

Witness can testify to:

Page 1 of 1
Printed on Recycled Paper

Distribution:  Master File
    Offender

DOC 0317 (Rev. 2/2007)

N-102

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender Disciplinary Report**

**Type of Report:**
☒ Disciplinary   ☐ Investigative

Facility: Pontiac C.I. / North Cell House 101

Date: 8-8-16

Offender Name: Billops

ID #: K04496

Observation Date: 8-8-16   Approximate Time: 8:35 ☒ a.m. ☐ p.m.   Location: NCH 101

Offense(s): DR 504: 403 Disobeying a Direct Order

Observation: (NOTE: Each offense identified above must be substantiated.) On the above date and approximate time this reporting officer was activated to the extraction team as team leader to remove I/m Billops K04496 from cell 101 in the North Cell House. Upon arrival to cell 101 this C/o observed Billops in the back of his cell. This C/o gave Billops 3 direct orders to cuff up or pepper spray and the tactical unit would be used to remove I/m. Billops refused and this I/o issued a burst of pepper spray into the cell. This I/o then gave Billops a 4th and 5th direct order to cuff up and Billops complied. Command staff notified. I/m Billops K04496 ID'd by State ID and gallery chart. E.O.R.

Witness(es): _____

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Reporting Employee (Print Name) | Badge # | Signature | Date | Time | |
|---|---|---|---|---|---|
| A Franks | 9590 | [signature] | 8-8-16 | 1:28 | ☒ a.m. ☐ p.m. |

---

**Disciplinary Action:**

**Shift Review:** ☐ Temporary Confinement   ☐ Investigative Status   Reasons: _____

| Printed Name and Badge # | Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer) | Date |
|---|---|---|
| | | |

**Reviewing Officer's Decision:** ☐ Confinement reviewed by Reviewing Officer   Comment: _____

☒ Major infraction, submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ Minor infraction, submitted to Program Unit

| Print Reviewing Officer's Name and Badge # | Reviewing Officer's Signature | Date |
|---|---|---|
| Maurer 735 | [signature] | 8/8/16 |

☒ Hearing Investigator's Review Required (Adult Correctional Facility Major Reports Only):

| Print Hearing Investigator's Name and Badge # | Hearing Investigator's Signature | Date |
|---|---|---|
| [illegible] 5970 | [signature] | 8/9/16 |

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**
You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**
You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign

| Serving Employee (Print Name) | Offender's Signature | Badge # | ID# | Signature |
|---|---|---|---|---|
| C/O Greer | | 1199d | | [signature] |

Date Served: 8-14-16   Time Served: 6:00 ☐ a.m. ☒ p.m.

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_____ _____
Offender's Signature   ID#

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

_____ _____ _____
Date of Disciplinary Report   Print offender's name   ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

RECEIVED
AUG 25 2016
PONTIAC CORRECTIONAL CENTER
[illegible]

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

| Print Name of witness | Witness badge or ID# | Assigned Cell (if applicable) | Title (if applicable) |
|---|---|---|---|
| | | | |

Witness can testify to: _____

Page ____ of ____

Distribution: Master File, Offender

Printed on Recycled Paper   DOC 0317 (Rev. 2/2002)

BGo.
Exhibit B-7

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT



| | | | | |
|---|---|---|---|---|
| **Name:** BILLOPS, MARLON | | **IDOC Number:** K04496 | | **Race:** BLK |
| **Hearing Date/Time:** 9/5/2016  02:06 PM | | **Living Unit:** PON-N-01-20 | | **Orientation Status:** N/A |
| **Incident Number:** 201602927/1 - PON | | **Status:** Final | | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 8/8/2016 | 201602927/1-PON | TANGMAN, GREGORY W | NORTH HOUSE | 07:05 AM |
| 8/8/2016 | 201602927/2-PON | EDWARDS, ANDREW R | NORTH HOUSE | 07:05 AM |
| 8/8/2016 | 201602927/3-PON | FRAZIER, ANTON R | NORTH HOUSE | 08:21 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 210 | Impairment Of Surveillance | Guilty |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
DELAY IN THE HEARING PROCESS DUE TO OFFENDER ON WATCH 8/8/16 - 8/22/16 AND LEVEL 1 LOCKDOWN ON 8/22/16 - 8/31/16.

*3 TICKETS COMBINED.

REPORTS READ. OFFENDER PLEADS GUILTY. *YEAH, I HAD WINDOW COVERED. I TOOK THE TISSUE DOWN, I DIDN'T TAKE THE SHIT DOWN. I DIDN'T REFUSED TO CUFF UP FOR THE TEAM, I COULDN'T UNDERSTAND THEM*.

## BASIS FOR DECISION
BASED ON THE OBSERVATION OF THE REPORTING EMPLOYEES, WHILE CONDUCTING COUNT, OFFENDER BILLOPS HAD THE OBSERVATION WINDOWS COVERED WITH FECES AND TOILET PAPER. THE REPORTING LIEUTENANT GAVE BILLOPS THREE DIRECT ORDERS TO REMOVE THE COVERING AND VERBALLY RESPOND FOR COUNT AND BILLOPS REFUSED ALL ORDERS. THE EXTRACTION TEAM WAS ACTIVATED AND GAVE BILLOPS THREE DIRECT ORDERS TO CUFF UP AND BILLOPS REFUSED.

THE POSITIVE IDENTIFICATION OF THE OFFENDER BY STATE ID AND GALLERY CHART;

ATTACHED DC 434 INCIDENT REPORTS SUBSTANTIATING THE INCIDENT;

OFFENDER'S ADMISSION OF GUILT;

THE COMMITTEE IS SATISFIED THE VIOLATIONS OCCURRED AS REPORTED.

RECEIVED

SEP 16 2016

Pontiac Correctional Center
Record Office

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Basis for Discipline:NATURE OF OFFENSE | |

## Signatures
### Hearing Committee

| | | | |
|---|---|---|---|
| BREWER, REGINALD  - Chair Person | *[signature]* | 09/05/16 | BLK |
| | Signature | Date | Race |

Billops v. Prentice, et al. (17-1348) IDOC Document No.:  000607

## STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
### ADJUSTMENT COMMITTEE
### FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** BILLOPS, MARLON | **IDOC Number:** K04496 | **Race:** BLK |
| **Hearing Date/Time:** 9/5/2016  02:06 PM | **Living Unit:** PON-N-01-20 | **Orientation Status:** N/A |
| **Incident Number:** 201602927/1 - PON | **Status:** Final | |

---

### Signatures
### Hearing Committee

SALINAS, ABERARDO A                                          09/05/16     HSP

                                      Signature              Date    Race

Recommended Action Approved

---

**Final Comments:** N/A

---

MICHAEL P MELVIN / MPM  9/8/2016                          09/08/16

Chief Administrative Officer                    Signature            Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504 Subpart F.

Employee Serving Copy to Committed Person          When Served - - Date and Time

---

Run Date: 9/9/2016 06:54:00                    Page 2 of 2

Billops v. Prentice, et al. (17-1348) IDOC Document No.:  000608

Exhibit D·7

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

**Date Received:** November 2, 2016   **Date of Review:** April 25, 2017   **Grievance #** (optional): 065403

**Offender:** Billops, Marlon   **ID#:** K04496

**Nature of Grievance:** Three (3) IDRs written on 8/08/16 by Lt. G. Tangman and Officers A. Edwards and A. Frazier

**Facts Reviewed:** Offender grieves he was not served a ticket and admits to covering up the cell window however claims that was on 8/08/16. Grievant contends the tickets not heard within (14) days and should have been afforded to list witness.

This Grievance Officer reviewed the offender's correspondence, Disciplinary Report form, the Adjustment Committee Final Summary Report form, and all other available information and determined the following;

The Disciplinary Report forms indicate the reports have been completed in compliance with Department Rule 504. The offense line appropriately reflects DR 504 charges, (210) Impairment Of Surveillance and (403) Disobeying A Direct Order. The observation area contains sufficient information to substantiate the charges. The offender was served a copy of the Disciplinary Report and the serving employee's signature is legibly noted on the report with the date and the time of serving the report.

The Adjustment Committee Report form indicates appropriate information. The Adjustment Committee reviewed the Disciplinary Reports and notes **Delay in the Hearing Process due to offender on Watch 8/08/16 - 8/22/16 and Level 1 Lockdown on 8/22/16 - 8/31/16. No witnesses were requested.

The Record of Proceedings reflects the offender statement to the Adjustment Committee with regard to his defense of the Disciplinary Reports. The Reports Read. Offender pled guilty, "Yeah, I had window covered. I took the tissue down, I didn't take the shit down. I didn't refused to cuff up for the team, I couldn't understand". The Adjustment Committee determined the offender guilty of (210) Impairmnet Of Surveillance and (403) Disobeying A Direct Order.

The Basis for Decision indicates two complete rationales recorded by the Adjustment Committee indicating why they found the offender guilty. These rationales being; Based on the observation of the Reporting Employees, while conducting count, Offender Billops had the observation windows covered with feces and toilet paper. The Reporting Lieutenant gave Billops three Direct Orders to remove the covering and verbally respond for count and Billops refused all orders. The Extraction Team was activated and gave Billops three Direct Orders to cuff up and Billops refused.

[continued page 2]

**Recommendation:** Based upon a total review of all available information, and a compliance check of the procedural due process safeguards outlined in Department Rule 504, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED.

S. Simpson
Print Gnevance Officer's Name   Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 42817   ☒ I concur   ☐ I do not concur   ☐ Remand

**Comments:**

Michael P Melvin
Chief Administrative Officer's Signature   42817
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Marlon Billops
Offender's Signature   K·04496   5.9.17
ID#   Date

Additionally, the positive identification of the Offender by State Identification Card and Gallery Chart.

The Committee is satisfied the violations occurred as reported. The documentation reflects appropriate composition of the Committee with a Chairman and at least one member. One of these individuals is a minority.

The disciplinary sanctions recommended, and approved by the CAO, are in compliance with DR 504A.

Grievance Officer notes Mr. Billops was not scheduled for any Disciplinary Hearings on 9/06/16. All above Disciplinary Reports were served to offender on 8/24/16, after the offender was released from Watch Status. The Hearing Process was conducted on 9/05/16, providing offender ample time to prepare witness.

Violation of Offender Rights is not observed.



Bruce Rauner
Governor

**RECEIVED**

AUG 2 8 2017

Warden's Office
Pontiac Correctional Center

John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

RECEIVED

AUG 2 9 2017

Pontiac Correctional Center
Record Office

Offender Name: _Billops, Marlon_          Date: _8/10/17_

Register # _KC4496_

Facility: _Pontiac_

This is in response to your grievance received on _5/15/17_. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: _9/29/16_   Grievance Number: _06-5403_   Griev Loc: _Pontiac_

O Transfer denied by the Facility or Transfer Coordinator

O Dietary _____

O Personal Property _____

O Mailroom/Publications _____

O Assignment (job, cell) _____

O Commissary _____

O Trust Fund _____

O Conditions (cell conditions, cleaning supplies)

O Disciplinary Report dated _8/8/16_
   Incident # _2016-0292711-PON_

O Other _____

**Based on a review of all available information, this office has determined your grievance to be:**

O Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

O Denied, in accordance with DR504F, this is an administrative decision.

O Denied, this office finds the issue was appropriately addressed by the facility Administration.

O Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)

O Denied, as the transfer denial by the facility/TCO on _____ was reviewed in accordance with transfer procedures and is an administrative decision.

O Denied as the facility is following the procedures outlined in DR525.

O Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.

O Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

Ø Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other:_____

FOR THE BOARD: _Debbie Knauer_          CONCURRED: _John R. Baldwin_
Debbie Knauer                                               John R. Baldwin
Administrative Review Board                           Acting Director

CC:   Warden, _Pontiac_ Correctional Center
      _Billops_, Register No. _KC4496_

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

Exhibit C.1

ORIGINAL
ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 9-5-16 | Offender: (Please Print) Marlon Bullops | ID#: K-04496 |
|---|---|---|

| Present Facility: Pontiac Corr. Center | Facility where grievance issue occurred: Pontiac Corr. Center |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Retaliation/Cruel Punishment

- [ ] Disciplinary Report: _____ / _____
  Date of Report     Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  **Chief Administrative Officer,** only if EMERGENCY grievance.
  **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):** On 8-4-16 following a disturbance in the Cost. wellhouse involving Committed person and a Bonnie, offender was brutally escorted to the north Cellhouse. So of the everything officers near physically threaten grievant while he was in handcuffs, schackles forced to walk with his head down, bent at the waiste and maced in his eyes from time to time during the count grievant open his eye's and was able to see about 5 different %'s. Once in the Northhouse grievant was taken to the bullpen where he was cuffed and shackled to a bench, his cloths (except for Boxer shorts) were removed. Major Prentice walked through down whileing grievant. Grievant recognized one of the officers who been threatning him as I.V. name unknown believe's he is Asian. At Davison of I.A. read grievant his Miarandin Warrning. Grievant informed his right to remain silent. Mr. Davison stated "I have a feeling that you're going to want to talk to me later." I said I do to but basicam I going to contact you. Prentice isn't going to...

**Relief Requested:** That I'm awarded $10,000 for the assault and denial of medical treatment. That criminal charges is brought upon Prentice, Whicker and other %'s and that there jobs are taken. That North Cell house cameras are reviewed for 8-4-16, they will show Prentice Supervising as Whicker and

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Marlon Bullops | K-04496 | 9-5-16 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: _____ / _____ / _____

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

**EMERGENCY REVIEW**

Date Received: 9/28/16

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Michael A Melvin | 9/28/16 |
|---|---|
| Chief Administrative Officer's Signature | Date |

RECEIVED
APR 1 0 2017
ADMINISTRATIVE REVIEW BOARD

Distribution: Master File; Offender          Page 1          DOC 0046 (8/2012)
Printed on Recycled Paper

Exhibit C.2    1:18-cv-01254-MMM  # 1   Page 37 of 45

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

Sellau that while in that bullpin I seen Mental health social worker Brady and talked to Lee. However %Ellis told Lee that he was watching me and Nenne could talk to ov. After grievant been sitting in the bullpin for roughly 30 mins Major Prentice, %Winicher and Sumtince % came into the Bullpin to get me Major Prentice was about 10 feet or 15 feet ahead grievant was bend at the waist, head down but I raised up after Prentice stood in front of cell 101. I was taken inside of North 101 and through to the floor while on the ground John Doe began beating my body while % Winicher slammed the left side of my face/head to the floor. I tryed Resisting the slaming and when I did % Winicher started slaming the Right side of my face until the concrete slab where the bunk goes. After they were Finished they Removed the shackles and left the cell where they Removed the cuffs. I felt my face and felt the left side of my face was swollen and ... up, my right eye brow was swolle. I thought that my jaw was broken. I sought medical treatment from the % that came back then again by % Goule on succi Smit. It it my belief that Internal affairs were Well aware as to what was going/did happen to a Prentice and who has done this same thing to me in Jan. 2016 and I.A. will an investigation is suppose to be going on. Inmate Thickburn who was assigned to N 102 told me that Lgt. Mynster tryed talking to him during the beating but he heard it and he'll attest to that effect. Grievant Request that the North Security cameras are reviewed in the Bullpin and on I gallery.

**RECEIVED**

APR 1 0 2017

**ADMINISTRATIVE
REVIEW BOARD**

Relief Request maybe % Gross forcing my head down walking down I gallery Prentice leading the way. It will show % Winicher enter 101 and the other % that the retractions viceo from 3-Reilly Reviewed. It would show me asking for medical treatment and saying that my jaw is broken

Exhibit C3

Bruce Rauner
Governor



John Baldwin
Acting Director

5/28

## The Illinois Department of Corrections

Pontiac Correctional Center
700 W. Lincoln Street, P.O. Box 99 • Pontiac, IL 61764 • (815) 842-2816 TDD: (800) 526-0844

# M E M O R A N D U M

DATE: 9-30-16

TO:   Name: _Billops_ IDOC #: _K04496_

FROM: Grievance Officer S. Simpson
Pontiac Correctional Center

SUBJECT: Grievance(s) dated: _9-05-16_ Topic: _Staff_ Issue: _Major Prentice,_
_Conduct C/o Whucker, (804-16)_

The attached is being returned for the reason(s) listed below:

_____ Contact your Correctional Counselor. Per DR 504 Grievances, "A committed person shall first attempt to resolve incidents, problems or complaints, other than complaints concerning disciplinary proceedings, through his counselor".

_____ Use proper Committed Person's Grievance (DOC 0046).

_____ Provide date(s) of disciplinary reports(s) and facility where incident(s) occurred.

_____ Forward grievance directly to the Administrative Review Board (protective custody, enforced medication, disciplinary reports from other facilities, decisions by the Transfer Coordinator's Office, decisions rendered by the Director).

_____ Not submitted in the timeframe outlined in Department Rule 504; therefore, issue will not be addressed further. Discovery date of incident, occurrence, or problem: _____.

_____ Unable to determine nature of grievance/correspondence. Submit additional specific information.

_____ Illegible copy submitted – submit legible copy for consideration.

_____ Request restoration of GCC, segregation time cut, grade restoration to the Adjustment Committee. If request is denied, utilize the grievance process for further consideration.

**RECEIVED**
APR 1 0 2017
ADMINISTRATIVE
REVIEW BOARD

Page 1 of 2

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

_____ Issue has been previously addressed on _____. No justification for further consideration.

_____ Contact the Record Office with your request and/or additional information (sentence calculations, jail credits, etc.).

_____ Address concerns to the Illinois Prisoner Review Board, 319 East Madison Street, Suite A, Springfield, Illinois 62706 (executive clemency parole violation issues, etc.).

_____ The Chief Administrative Officer has determined your grievance issue a non-emergency. If you reject this decision, forward your grievance directly to Grievance Office.

✓ Other: Your grievance complaint has been forwarded to Internal Affairs for review. Enclosed is a copy for your records.

Exhibit C.4

STATE OF ILLINOIS     )

                        ) SS

COUNTY OF Livingston     )

## AFFIDAVIT

I, Brandale m Blackburn being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: on 8.4.16 i was assigned to North house la HEPV Cell 102. Approximate 2:00 PM Major Susan Prentice opened up Cell 101 and stord in front of 101 looking toward the highend, i was standing at my window when i seen two officers who i recognize to be Whick en) excorting a inmate to cell 101. it was a officers on both side of him. the inmate was bend at waist level, in leg shackles and handcuff. The officer to his right was using one hand to hold the inmate arm up, the other hand was forcing his head down. The officer on the left was doing the same. i seen the officers take the inmate in cell 101. i was able to hear rumbling and Billops, Marlon yell out "Ahh" in Pain Several times. Sgt Meister came to my cell trying to talks to me to keep me distracted from the incident that was going on Next door to me. But i still heard Marlon Billops' K04496 yell out "Ahh" in Pain Several more times. That when the officers came out of cell 101 wearing black gloves. When the officers left off the gallery inmate Marlon Billops K04496 had just told me his name and told me officers that just left his cell just assaulted him and that he believe his jaw is broken. He Needed Medical Attention. and i try to help inmate Billops with that but it was unsuccessful

Subscribed and sworn to before me on the 25 day of January, 2617.

_Amber D Potts_
NOTARY PUBLIC

Respectfully submitted,

_Brandale Blackkburn_

OFFICIAL SEAL
AMBER L. POTTS
Notary Public - State of Illinois
My Commission Expires 11/18/2019

ILLINOIS DEPARTMENT OF CORRECTIONS

# OFFENDER'S GRIEVANCE

| | | |
|---|---|---|
| Date: 8-31-16 | Offender: (Please Print) Marlon Billups | ID#: K-04496 |
| Present Facility: Pontiac Corr. Center | | Facility where grievance issue occurred: Pontiac Corr. Center |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☑ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☑ Other (specify): Assault/Battery, Corporal Punishment

☐ Disciplinary Report: ___/___/___ Date of Report ______ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

**Counselor**, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer**, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer**, only if EMERGENCY grievance.
**Administrative Review Board**, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where is happened, and the name or identifying information for each person involved): That on 8-8-16 grievant was moved into cell North 102, upon entering the cell there was feces all over the cell walls and [illegible] grievant complained daily to security that the cell be cleaned, as I [illegible] [illegible] to clean the cell. On 8-17-16 after breakfast I [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] up so that I [illegible] [illegible] up the [illegible]. I let him know that [illegible] in the cell [illegible] to [illegible] around the cell [illegible] the [illegible] [illegible] and Sgt. [illegible] Prentice, Lt. [illegible] Sgt. [illegible] and [illegible] came. [illegible] opened the chuck hole with a shield in front of him [illegible] was [illegible] as he [illegible] the following, "he doesn't have anything in his [illegible], he naked, [illegible] at the back of the cell [illegible] at me. His [illegible] is on the [illegible]" Sgt. [illegible] [illegible] over from the right [illegible]

**Relief Requested:** 1) That grievant [illegible] checked for [illegible]. 2) That [illegible] Prentice [illegible] charged with [illegible] against humanity. 3) [illegible] retaliation against grievant [illegible]. 4) [illegible] [illegible] in damages that [illegible] [illegible]

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Marlon Billups — Offender's Signature | K04496 — ID# | 8/31/16 — Date

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

Date Received: 10/12/16 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Issues previously addressed, according to Grievance Office.

D Jones — Print Counselor's Name | [signature] — Counselor's Signature | 10/12/16 — Date of Response

copied 10/13/16 ACC LL

RECEIVED
APR 10 2017
ADMINISTRATIVE REVIEW BOARD

## EMERGENCY REVIEW

Date Received: ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature ______ Date

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

Side of Whicker and docked in and said it's not going to end good for you Billops." Take it down and I'll have the nurses clean it up." I said man y'ure been telling me that, you just told me that 8:15-16. Lt.Tagaman said "I wasn't here Monday, I asked why does it take all of the cell house supervisors and P %'s Prentice must want y'all to run in here on me and fuck me up. I asked why don't you call the Tact Team? Because y'all plan on whoping me. The chuckhole shut and I could hear Prentice say he's on suicide watch. A male voice asked "Who's doing, watching? Prentice said Todd Nelson. A man voice said said Todd Wont Report shit." I heard Prentice say "he has seizures "Referring to me. The cell door opened to Whicker charged me behind a shield Right behind him was Edwards, Tagaman and Sgt Whitey jumped upon the correct Job they were Rushing me, I tryed positioning myself so that I wouldn't fall Nd get smashed and become hurt % Whicker dropped the shield and punched me, Lt Tagaman grabbed me, lacing his fingers on the back of my head and Kneeded me 4 or 5 times in the face. I dropped down to my knees and I was pulled all the way to the floor laying on my left arm, % Whicker had my Right arm breaking it back while the correct, I Strenght tim to bare my elbo, Someone yelled give me your arm I let them break there I'm laying on it Sgt Tagaman lie in the mouth I was yelling out what they were doing to me I was put in handcuffs, still laying on the floor when % Whicker kicked me in the right Ribs knocking the breath out of me. He kicked me real hard in the same spot. I couldn't breath people were asking "What are they doing to you "when I caught my breath I began yelling out %/ Whicker was suffocating me while saying "Shut up, Shut up" He hit me in the Right eye. Blocker and struck y it. They put me against the wall--(Before they ran in the cell, I heard Prentice say that the cameras can't see back here, It can make out images but you can't tell whats, who) --Prentice was standing just inside the cell with a half cocked smirk Sgt Alpsler had me look his way he had a Nastee Bottle and poured water onto me to rince the blood off. He then told me open my mouth and he poured Water in my mouth and "spit it out the blood. Prentice had then put the smock on me, I was taken to the bullpin, A nurse was called, while waiting, % Whicker said "I told you that I'm going to kill you Billops" I said but it takes 4 of yall while I'm in cuffs and shackled, % Whicker said "look at you, you're all fucked up" Whicker began making his chest jump and said "loo at that, what are you A Buck 40?" You can't do shit with me. If you file a lawsuite and win, the state pays you, I don't loose a dime. That means that the state pays me for "fucking you up" nurse Louisa come she and Prentice entered the Bull pen Louisa examed me where Louisa turned to Prentice and said "I have to take him to health care to get stichen. It's where it's at, strips won't do" I was put on the back of A motor cart, accompany by Lt. Pinke and taken to Health Care Urgent care, nurse Chephany had all of the equipment and M.D. Teldman gave me 3 stitches in my botton lip. I let the Doctor Know that I believe that my elbo, Ribs and jaw is broken. I went to get x-ray by a male who said that he don't normally do x-rays, the x-rayed my elbo and face. I got back to my cell and examed myself and my Right Rib maced which is abnormal. - On 8-16-16, I was interviewed by I/A FARRAR and told him that I was told that Prentice and me that on 8.4.16, and told him their going to do it again, if i'm not maced. This is the 3rd assault on me in this year by the same people, well Prentice and Whicker, I don't know whether these were any discriminatory, conspiracy or retaliatory motives but those possibilities should be investigated (equal punishment is sternckly prohibited. It's A crime against humanity.

Billops v. Prentice, et al. (17-1348) IDOC Document No.:  000290

Exhibit D.3

Administrative Review Board                                    10-11-16
P.O. Box 19277
Spfld, Il 42794-9277

Please find inclose X grievance for
Staff Conduct, corpal punishment, Medical Treatment which occured
on 8-07-16. The Reason that Im sending this to you is
because I submitted the orginal as an emergency, on 10-3-16,
along with two other grievances on 10-7-16, I recieved
2 of the 3 grievances back as Non emergency and
2 other grievances that had been address by grievance
officer.

On 10-11-16, I submitted the same
grievance to my counselor, Im not certian if it'll
make it so, Im sending you X copy because the
facility will not address it.
                    Thanks Bellings

Exhibit D.4

To Administrative Review Board          1 of 1                    10-14-16
P.O. Box 19277
Spfld, Il 62794-9277

This letter is an extension to the letter that I wrote you yesterday 10-11-16. In that letter I told you that I was sending you a grievance regarding "staff conduct; corpal punishment; medical treatment" wich occured in Pontiac Corr. Center on 8-17-16. I went on to let you know the reason I'm sendin it to you is because I submitted the orginal to emergency on 10-2-16 along with 2 other grievances regarding Disciplinary. On 10-7-16, The two Disciplinary grievan came back as Not emergency, The grievance officer also addressed two other grievances that had been pending.

So, On 10-11-16, I submitted a copy of the "Corpal punishment" grievance which occured 8-17-16, to counselor. So I wasnt certin if I'll get a responce so I am send you a copy because the facility wouldnt respond.

Well, I somewhat stand corrected. I received the grievance back from counselor Today 10-12-16 (Regarding Corpal punishment on 8-17-16) She states and I quote: "Issue prviously addressed according to Grievance officer." This is absolutly false. So, insted of sending you the grievance, I'm going to go ahead and foward it to the grievance officer.

Thank you for your understanding.
Respectfully,
Marlos Billops
Marlon Billops K-04496
P.O. Box 99
Pontiac, Il 61764

RECEIVED

OCT 18 2016

ADMINISTRATIVE
REVIEW BOARD

10-25-16

Administrative Review Board
P.O. Box 19277
Spfld, Il 62794-9977

Please find inclosed a dupplicit of
a grievance that I submitt to 10-10-16 to Counselor Jones
Ragreeding corpal punishment. Counselor Respond 10/12/16
saying "Issue previously addressed according to grievance officer"
This isn't true, the grievance office never address this grievance
Theres 2 more pending involuing the same people. So after
recciving counselor's response, I toward the grievance to
the grievance officer, told them to let me know when
they get it. I wrote A.R.B. as well. They doing this
like they do the Rest of my grievance "Just Refuse to
address them. I don't know what I'm supose to do
so, I'm sending you a cupy that that I will be
afforded the oppertunity to exhoust my Remendys.