UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON BILLOPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 18-1254-MMM |
| ) | |
| LAURA WILLIAMSON, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, proceeding *pro se*, filed an action under 42 U.S.C. § 1983 alleging constitutional violations against a host of Defendants at the Pontiac Correctional Center. One Defendant, Nurse Laura Williamson, has filed a Motion for Summary Judgment [ECF 39], which, if granted would dismiss the claims against her but not those against the other Defendants. Defendant Williamson asserts that, as Plaintiff did not grieve the deliberate indifference claim against her, he failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). Though given an opportunity, Plaintiff has failed to reply. For the reasons set forth below, Defendant Williamson's Motion for Summary Judgment is GRANTED.

## MATERIAL FACTS

Plaintiff's complaint alleges excessive force, state-law battery, failure to intervene, inhumane conditions of confinement, and violations of procedural due process by various Defendant Officers. In his complaint, Plaintiff alleged that various officers beat him on August 8, 2016. Plaintiff alleged that Defendant Williamson was deliberately indifferent when she failed to act when he complained that he believed his jaw was broken.

Defendant Williamson asserts, however, that Plaintiff did not grieve her alleged misconduct and failed to exhaust his administrative remedies as required under § 1997e(a). Defendant has provided Plaintiff's answers to exhaustion interrogatories in which he claims to have filed only two related grievances, one on August 31, 2016 and the other on September 5, 2016. Defendant notes that, in addition to these, Plaintiff filed a second grievance on September 5, 2016, for a total of three grievances. Defendant Williamson asserts that only one mentions her at all and none identify any misconduct on her part.

As noted, Plaintiff has not filed a response to Defendant's motion for summary judgment. When the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Columbia Pictures Indus., Inc. v. Landa*, 974 F. Supp. 1,*3 (C.D. Ill. 1997). The Seventh Circuit has repeatedly held that such a rule is "entirely proper." *Doe v. Cunningham*, 30 F.3d 879, 882 (7th Cir. 1994). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." *Doe* at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. *LaSalle Bank* at 392, quoting *Wienco Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992).

### LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.,* 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 250.

## EXHAUSTION STANDARD

Plaintiff is subject to the provisions of the Prisoner Litigation Reform Act which require an inmate to exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997(e)(a). The Seventh Circuit Court of Appeals has followed a very strict approach

regarding exhaustion and requires that an inmate pursue all available administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo*, 286 F.3d at 1025.

As an inmate in custody, Plaintiff was required to follow the grievance procedures described in the regulations of the Illinois Department of Corrections Grievance Procedures for Offenders. 20 Ill. Adm. Code Section 504.800, *et seq.* The procedure for non-emergency grievances requires that the inmate speak with a counselor about the contested issue. If this attempt is unsuccessful, the Plaintiff is to direct a written complaint to the Grievance Officer within 60 days of the discovery of the problem. 20 Ill. Adm. Code Section 504.810 (a). The Grievance Officer evaluates and submits his recommendation to the Chief Administrative Office (CAO) who is to provide final decision in writing within two months after receipt of the written grievance. 20 Ill. Adm. Code Section 504.830 (d). The inmate may further appeal, within 30 days of the written decision, to the Director of the Administrative Review Board. 20 Ill. Adm. Code Section 504.850(a). The Director will issue a final determination within six months after the receiving of the complaint. 20 Ill. Adm. Code Section 504.850 (f). Once the inmate receives the Director's decision, the grievance procedure is perfected.

## ANALYSIS

The Court notes that Plaintiff identified the subject of the first grievance, filed August 31, 2016, as "assault/battery corporal punishment." This is the only grievance which makes mention of Defendant Williamson. In it, Plaintiff claims that he was battered by officers. He indicates that "Nurse Laura" arrived, examined him and had him sent to the healthcare unit to receive stitches. [ECF 1p. 41-42]. Plaintiff indicates that he was seen in the healthcare unit by a

4


physician and that he told the physician he believed his jaw was broken. There is no claim that he made this complaint to Defendant Williamson or that she was, in any way, deliberately indifferent to Plaintiff.

The second grievance, filed on September 5, 2016, concerns "retaliation/corporal punishment." It realleges that Officers subjected Plaintiff to excessive force on August 8, 2016 and makes no mention of Defendant Williamson. [ECF 1 p. 36]. Plaintiff filed a second grievance of September 5, 2016, alleging that Defendant Nelson, a qualified mental health professional, did not provide him mental health treatment and covered up the misconduct of staff. [ECF 1-1 p.12]. This grievance, too, fails to mention Defendant.

A grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Adm. Code Section 504.810 (b). The purpose of the exhaustion requirement is to put prison officials on notice of issues within the prison and allow them the opportunity to address without the need for litigation in federal court. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). *See Ambrose v. Godinez,* 510 Fed.Appx. 470, 472 (7th Cir. 2013) (finding failure to exhaust where plaintiff did not identify defendants in grievances). *See also, Woods v. Schmeltz*, No. 13-1477, 2014 WL 3490569 at *4 (C.D.Ill. July 14, 2014) "[I]t would have been impossible for the prison to determine which of its employees were involved in the incidents unless Plaintiff named them in the grievance." *Id.* at *4.

There is nothing in any of the three grievances which would have placed the prison officials on notice of any alleged misconduct by Defendant Williamson. In fact, the only grievance which mentions Defendant, the August 31, 2016 grievance, contains only the

statement that she examined Plaintiff and had him taken to the Health Care Unit for treatment. This is insufficient to identify any alleged deliberate indifference on her part. As a result, the prison had no notice, and no opportunity to correct any purported misconduct by Defendant Williamson. The Court determines that there is no material issue of fact but that Plaintiff failed to exhaust his remedies as to this Defendant. Defendant Williamson's Motion for Summary Judgment is GRANTED.

**IT IS, THEREFORE, ORDERED:**

1. Defendant Williamson's Motion for Summary [ECF 39], is GRANTED. The Clerk is directed to terminate her as a party. This case will proceed against the remaining Defendants.

2. Defendant Williamson's Second Motion to Stay Discovery [ECF 49] is rendered MOOT.


8/20/2019  
ENTERED

　　　　s/Michael M. Mihm　　　　  
MICHAEL M. MIHM  
UNITED STATES DISTRICT JUDGE