# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLON BILLOPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) No.: 18-cv-1254-MMM |
| | ) |
| **SUSAN PRENTICE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging various constitutional violations, including excessive force and state-law battery claims against Defendants Battle, Dyer, Whicker, Maley and Tangman.  Defendants have filed an Amended Motion to stay the proceedings [50] to which Plaintiff has responded and objected.  Defendants reveal that Plaintiff has been criminally charged in state court in Livingston County, Illinois on a related battery claim for having allegedly struck a Defendant during the events at issue. Defendants assert that under the Abstention Doctrine identified in *Younger v. Harris,* 401 U.S. 37, (1971), this Court should stay the federal matter, pending resolution of the state-law criminal case.

In support of their motion, Defendants cite *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) which held that under *Younger*, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Id*. at 753. "Even though abstention is the exception, not the rule, e.g., *Colorado River Water Conservation Dist. v. United States*… a federal court 'may, and often must, decline to exercise its jurisdiction where doing so would intrude upon the independence of the state courts.'" *Courthouse News*

*Serv. v. Brown*, 908 F.3d 1063, 1070–71 (7th Cir. 2018) quoting *SKS & Associates, Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010) (internal citations omitted).

*Younger* was originally applied only in cases where a criminal defendant sought injunctive relief blocking his state court prosecution. The Supreme Court, however, found that "in limited circumstances," *Younger* also applies to civil proceeding. *Id*. at 677-78. "The civil brand of *Younger* extends only to a federal suit filed by a party that is the target of state court or administrative proceedings in which the state's interests are so important that exercise of federal judicial power over those proceedings would disregard the comity between the states and federal government." *See Id.; Lynch v. Nolan*, 598 F. Supp. 2d 900, 903 (C.D. Ill. 2009) citing *Simpson v. Rowan*, 73 F.3d 134, 137–39 (7th Cir. 1995) (*Younger* expanded to include claims for money damages).

Under *Younger*, federal courts are to stay a federal civil action when there are "ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances-like bias or harassment-exist which auger against abstention." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007) (internal citations omitted). Here, Defendants have established that there are ongoing judicial proceedings in Livingston County, satisfying the first portion of the test.  As to the second, it has been determined that "criminal proceedings clearly fulfill the first requirement and implicate some of the most important of the state's interests—the prosecution of violent crimes…". *Horton v. Pobjecky*, 12 C 7784, 2013 WL 791332, at *2 (N.D. Ill. Mar. 4, 2013) (staying federal civil rights action pending resolution of first-degree murder charges).

The third consideration is whether the state court proceedings provide an adequate opportunity for review of Plaintiff's constitutional claims. It has been determined that where a Plaintiff has the opportunity to raise his constitutional claims as a defense to criminal charges, there is an adequate opportunity for review. *Maduko v. Illinois*, No. 07-4701, 2008 WL 4279982, at *5 (N.D. Ill. Sept. 17, 2008). Here, Plaintiff may assert his § 1983 claims that he was battered and subjected to excessive force as a defense to the charges that he battered Defendant Battles. While Plaintiff may not pursue his claim for money damages in the criminal case, the Court is merely staying, rather than dismissing, the federal case. As a result, Plaintiff will have the opportunity to pursue his claims in federal court, pending the outcome of the state court proceedings. "[W]hen the plaintiff seeks monetary damages in a section 1983 claim-relief that is unavailable from a state court-then the district court should stay the claim pending the outcome of the state proceedings. *See Id*. at 6 (internal citations omitted).

Where the elements are present, abstention is appropriate "so long as no extraordinary circumstances-like bias or harassment-exist which auger against abstention." "Extraordinary circumstances exist only when: (a) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," (b) "there is an extraordinarily pressing need for immediate equitable relief," or (c) "the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Maduko*, 2008 WL 4279982, at *3 quoting *Jacobson v. Vill. of Northbrook Mun. Corp.,* 824 F.2d 567, 569-70 (7th Cir.1987). As noted, Plaintiff has responded to Defendants' motion but does not allege any such extraordinary circumstances.

The Court, further, finds that abstention is appropriate because a judgment in the federal claims, if issued prior to the resolution of the state law criminal proceedings, could preempt or interfere with those state court proceedings. "The rule in *Younger* ... is designed to permit state

courts to try state cases free from interference by federal courts." *Forty One News, Inc. v. County of Lake,* 491 F.3d 662, 665 (7th Cir.2007) (internal quotations and citations omitted). *See Lynch,* 598 F. Supp. 2d at 903 (allowing stay of federal case pending disposition of related state court criminal charges). *See also, Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). "In this circuit, abstention from damages suits is proper. That's because a federal damages suit, although not interfering with the state proceeding to the same degree as an injunction, could beat the state action to judgment and either undermine, or preclude, the State's consideration of some issues." (Internal citations omitted).

**IT IS THEREFORE ORDERED:**

1. Defendants' Amended Motion to stay the proceedings [50] is GRANTED above Plaintiff's objection, [51] which is DENIED.

2. The parties are each to advise the Court, within 30 days, of the termination of the proceedings in Livingston County. The parties are also to indicate whether they intend to appeal any Livingston County judgment as the federal case will be further stayed pending the resolution of that appeal. *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("*Younger* abstention is therefore appropriate while the case works its way through the state appellate process.").

8/20/2019
ENTERED

s/Michael M. Mihm
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE