UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MARLON BILLOPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-cv-01254-MMM |
| | ) | |
| SUSAN PRENTICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 and state law. He alleges claims for excessive force in violation of the Eighth Amendment, due process violations under the Fourteenth Amendment, and state law battery.

At hearing on January 28, 2025, the parties confirmed that the disciplinary actions that underpin his Fourteenth Amendment due process claims against Defendants Brewer and Salinas have not been vacated or overturned.

A prisoner's federal challenge to detention (here, the good time credits he lost) may proceed only as a habeas corpus action, after the exhaustion of state law remedies. *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) ("Attacks on the fact or duration of confinement come under [28 U.S.C.] § 2254."); *see also Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (holding that prisoner's claim for declaratory relief and money damages based on allegations of deceit and bias on part of decision maker that necessarily imply the invalidity of decision to revoke prisoner's good time credits is not cognizable under § 1983); *Lusz v. Scott*, 126 F.3d 1018, 1022 (7th Cir. 1997) (discussing *Edwards*).

The availability of an adequate state court procedure to remedy a loss of good-time credits precludes Plaintiff's Fourteenth Amendment due process claim. *Figgs v. Dawson*, 829 F.3d 895, 907 (7th Cir. 2016). In Illinois, inmates have an adequate and available remedy by way of mandamus relief. *See McAtee v. Cowan*, 250 F.3d 506, 508 (7th Cir. 2001). "Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court." *Id.* "If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court." *Id.* After the inmate exhausts these state-court remedies, he may proceed in federal court by way of habeas corpus petition. *Id.*; *see also Guzzo v. Snyder*, 762 N.E.2d 663, 668 (Ill. App. Ct. 2001) ("*Mandamus* is an appropriate remedy to prevent a discretionary power from being used arbitrarily where the abuse results in a manifest injustice."). Finally, in federal court, a challenge to the loss of good-time credits may be pursued only in a federal habeas action, after the exhaustion of state court remedies. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

If Plaintiff were to succeed in vacating the disciplinary action(s) at one of those levels, his § 1983 action for damages would become cognizable – though his damages would likely still be limited to nominal damages of $1 if he proved the claim.

Based on the foregoing, Defendants Brewer and Salinas are entitled to summary judgment on Plaintiff's procedural due process claims. Success on any such claim would necessarily imply the invalidity of those still-standing disciplinary findings.

Unless and until the disciplinary determinations are invalidated, Plaintiff's claims against Brewer and Salinas are not cognizable under § 1983.

IT IS THEREFORE ORDERED: The Court RECONSIDERS its summary judgment ruling [92] at pages 21-23 to the extent that summary judgment is GRANTED in favor of Defendants Brewer and Salinas on Plaintiff's Fourteenth Amendment due process claims. On the undisputed material facts presented by the parties at summary judgment, and as confirmed at hearing on January 28, 2026, these Defendants are entitled to judgment as a matter of law on these claims, which are to be dismissed without prejudice as non-cognizable. Brewer and Salinas to be terminated as Defendants herein.

Entered this 28th day of January, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE
